SARAH GUBERNICK, Appellant, v. INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, April 29, 1924.

Street railways — action for injury to plaintiff's hand caught in door while boarding car — error to dismiss complaint on ground of plaintiff's failure to prove negligence and that she contributed to accident.

In an action for personal injuries alleged to have been sustained by the plaintiff while boarding one of the defendant's cars it was error to dismiss the complaint on the ground that the plaintiff had failed to prove negligence on the part of the defendant and that she herself contributed to the accident, where it appears that the plaintiff while entering the car placed her hand against the upright frame of the door; that after taking one step the door suddenly began to close;

that with her hand on its frame she pushed it back, when the release of the door and the opening thereof carried her hand back, catching her thumb and injuring the same.

The mere act of the plaintiff in placing her hand on the door as an aid to entrance cannot be considered a negligent act as matter of law.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, dismissing plaintiff's complaint at the conclusion of plaintiff's case after trial by the court and a jury.

*Reuben Dorfman,* for the appellant.

*James L. Quackenbush (C. A. Roszel,* of counsel), for the respondent.

WAGNER, J. The plaintiff's complaint was dismissed at the conclusion of her case in a suit to recover for personal injuries alleged to have been sustained by her while boarding one of the defendant's cars. She started to board the car after its arrival at the platform, being the second to enter and followed by her sister. While in the act of entering, she testified that she placed her left hand against the upright frame of the door because of the considerable space intervening between the station platform and the car, and after taking one step the door suddenly began to close. With her hand on its frame she pushed it back, when the release of the door and opening thereof carried her hand back, catching her thumb and injuring the same in the pocket of the door. The defendant offered no evidence, and the court below granted the motion to dismiss on the ground that the plaintiff had failed to prove negligence on the part of the defendant and that the plaintiff contributed to the accident by pushing the door.

Construing the evidence of the plaintiff and her sister, who corroborated her version of the incident, in the light most favorable, as we are required to do, it is difficult to ascertain the theory upon which the action was dismissed. The plaintiff undoubtedly had a right of expectation that the door would not be closed until a reasonable opportunity had been afforded her of safe and unobstructed entrance. The defendant's employee was not justified in closing the door until a position of safety had been attained. The mere placing of her hand on the door, as an aid to entrance, can hardly be considered a negligent act as a matter of law, if indeed it can be held as a matter of fact, a question not here presented and unnecessary to decide. It was but a convenience which she utilized, and not a contributing cause of the accident as claimed. As long as the defendant's employee exercised his duty in giving opportunity for entrance, she was perfectly safe in her position and no danger could ensue. It was when the duty failed of observance that the accident occurred, and when confronted with

danger through the employee's precipitant and negligent act, she is not to be condemned as negligent herself in attempting to push the door back to reach a point of safety; on the contrary, her act might be regarded as one of extra precaution. To hold, as a matter of law, that the alleged negligent act of the defendant, if so viewed, had spent its force without the infliction of injury and that an entirely new act, the continuance of the plaintiff's hand on the door and its subsequent pushing thereof, had intervened causing the injury, was a clear usurpation of the jury's right to decide upon the facts. The questions here were of fact and should have been so remitted to the triers thereof.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and WASSERVOGEL, JJ., concur.

Judgment reversed.